IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN CARSON, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CASE NO. 17-CV-3353-S-BK |
| § | |
| OCWEN LOAN SERVICING LLC AND § | |
| BANK OF NEW YORK MELLON, § | |
| DEFENDANTS. § | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management, including issuing findings and recommended disposition of Defendants' *Motion for Summary Judgment*. Doc. 13. As stated here, the motion should be **GRANTED**.

**A. Procedural History**

Plaintiff initiated this action in state court in October 2017 and obtained a temporary restraining order to avoid being evicted from his parents' home (the "Property") after Defendant Bank of New York Mellon ("BONY") foreclosed on the residence.[1] Doc. 1-2 at 10-11; Doc. 1-3 at 2-4. Plaintiff asserted that Defendants wrongfully foreclosed on the Property and violated the Texas Debt Collection Practices Act ("TDCPA") by (1) misrepresenting "the character, amount or extent of the debt to be collected"; (2) threatening that non-payment of the debt would result in seizure, repossession, or sale of Plaintiff's property without proper court proceedings; and (3) threatening to "take an action prohibited by law." Doc. 1-2 at 13-15. Plaintiff sought damages as well as a

---

[1] Plaintiff's parents died in 2012, after which, Plaintiff moved into the Property. Doc. 1-2 at 6-7.

declaratory judgment to the effect that the home equity deed of trust ("DOT") securing the Property was void and unenforceable.  Doc. 1-2 at 11, 13-14.

Defendants removed the action to this Court and, shortly thereafter, Plaintiff's counsel was permitted to withdraw from the case.  Doc. 1; Doc. 11.  Defendants filed their *Motion for Summary Judgment* on August 31, 2018.  Doc. 1; Doc. 13.  Plaintiff was required to file his response, if he opposed the relief requested, by September 21, 2018, but he did not do so.  *See* N.D. TEX. LOCAL RULE 7.1(e) (establishing deadlines for filing responses to motions).  Due to Plaintiff's failure to respond to Defendants' summary judgment motion, this Court ordered Plaintiff to respond by October 23, 2018, if he was opposed to the dismissal of his case, and warned him that if he failed to respond, he risked the dismissal of the case without further notice.  Doc. 15.  That deadline has now passed, and Plaintiff did not respond as ordered.

### B.  Undisputed Facts

In support of their motion for summary judgment, Defendants have submitted documentation demonstrating the following:  In December 2002, Plaintiff's parents (the "Borrowers") executed a Texas Home Equity Real Estate Note in favor of Conseco Finance Servicing Group in the original principal amount of $108,000 (the "Note").  Doc. 1-2 at 50-52.  The repayment of the Note was secured by a DOT on the Property.[2]  Doc. 1-2 at 23-29.  The DOT was assigned to BONY in March 2008.  Doc. 1-2 at 31-32.  Defendant Ocwen services the Loan.

As relevant here, the Loan went into default, and BONY filed an Application for Expedited Foreclosure in May 2016 (the "Foreclosure Application").  Doc. 13-1 at 2-5.  The affidavit in support of the Foreclosure Application established that the Loan was due and owing as of December 2012, and the payoff amount was $134,895.60.  Doc. 13-2 at 2-4.  In July 2016, the state court entered a default order permitting foreclosure.  Doc. 13-3 at 2-3.  BONY purchased the Property at the trustee's

---

[2] The DOT and Note will hereafter be collectively referred to as the Loan.

2

sale in September 2017 and sought to evict Plaintiff shortly thereafter. Doc. 1-2 at 7; Doc. 1-2 at 65-67. Defendants served Plaintiff with Requests for Admission ("RFAs") in June 2018 after the case had been removed to this court, but Plaintiff did not respond. Doc. 13 at 4.

### C. Applicable Law

If a party does not file a response to a summary judgment motion, the court is not permitted to enter a "default" summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). The court is, however, permitted to accept the movant's facts as undisputed when no opposition is filed. *Id.* Further, a summary judgment non-movant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute competent summary judgment evidence. *Assoc. of Taxicab Op, USA v. Yellow Checker Cab Co. of Dallas/Fort Worth, Inc.*, 910 F. Supp. 2d 971, 975 (N.D. Tex. 2012) (Godbey, J.) (citing *United States v. Dallas Area Rapid Transit*, 96 F.3d 1445 (5th Cir. 1996)); *see also Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991) (stating that the allegations in the plaintiff's unsworn complaint were insufficient to defeat summary judgment). Plaintiff's pleadings are not verified and, therefore, he has presented no summary judgment evidence. Accordingly, the court accepts Defendant's evidence and facts as undisputed.

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A dispute regarding a material fact is "genuine . . . if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). Once the moving party has made an initial showing that there is no evidence to support the

nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* at 587.

**D. Analysis**

*1. Wrongful Foreclosure*

Defendants first argue that they are entitled to summary judgment on Plaintiff's claim for wrongful foreclosure because Plaintiff is deemed to have admitted facts that conclusively resolve the claim by virtue of his failure to respond to Defendants' RFAs.[3]

Rule 36 of the Federal Rules of Civil Procedure allows litigants to request admissions as to a broad range of matters, including ultimate facts as well as applications of law to fact. FED. R. CIV. P. 36(a); *see In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). Rule 36(b) provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b). Matters deemed admitted are properly considered on summary judgment. *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

To state a claim for wrongful foreclosure, a plaintiff must allege (1) a defect in the foreclosure sale proceeding; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App.–Corpus Christi 2008).

Plaintiff failed to respond to the following RFAs:

**RFA No. 5:** Admit that you have no factual basis to support any of your claims against Ocwen as alleged in the Lawsuit.

---

[3] Although Defendants raise other arguments in support of dismissal, the Court need not address them because the RFA analysis is dispositive of Plaintiff's claims.

> **RFA No. 6:** Admit that you have no factual basis to support any of your claims against BONY as alleged in the Lawsuit.
>
> **RFA No. 9:** Admit that you have no factual basis to support your claim in this Lawsuit that the Deed of Trust is void and unenforceable.
>
> **RFA No. 10:** Admit that the Deed of Trust is valid and enforceable.
>
> **RFA No. 12:** Admit that Ocwen had and has a legal right to foreclose on the Property.
>
> **RFA No. 13:** Admit that BONY had and has a legal right to foreclose on the Property.

Doc. 13-5 at 4-5. Due to Plaintiff's failure to respond to the RFAs he is deemed to have admitted the averments set forth therein. FED. R. CIV. P. 36(b). As such, Plaintiff has admitted that he has no factual basis for his wrongful foreclosure claims and that Defendants were entitled to foreclose on the Property. Accordingly, Defendants are entitled to summary judgment on Plaintiff's wrongful foreclosure claim.

*2. TDCPA*

Defendants next argue that they are entitled to summary judgment on Plaintiff's TDCPA claim because Plaintiff is deemed to have admitted facts that conclusively resolve the claim based on to his failure to respond to their RFAs.

The TDCPA permits a consumer to sue for, *inter alia*, misrepresentations and threats made in connection with the collection of a debt. TEX. FIN. CODE §§ 392.001, *et seq.*; *see also* Biggers v. BAC Home Loans Servicing, 767 F.Supp.2d 725, 732 (N.D. Tex. 2011) (noting that the TDCPA applies to actions taken in foreclosing on real property). To state a claim under the TDCPA, a plaintiff must allege that: (1) the debt at issue is a consumer debt; (2) the defendant is a "debt collector" within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCPA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act. *See* TEX. FIN. CODE §§ 392.001 *et. seq.*

5

Plaintiff failed to respond to the following RFAs:

**RFA No. 5:** Admit that you have no factual basis to support any of your claims against Ocwen as alleged in the Lawsuit.

**RFA No. 6:** Admit that you have no factual basis to support any of your claims against BONY as alleged in the Lawsuit.

**RFA No. 7:** Admit that you have no factual basis to support your claim in this Lawsuit that Ocwen's acts or omissions constitute a violation of the Texas Debt Collection Practices Act, TEX. FIN. CODE § 392.001 et seq.

**RFA No. 8:** Admit that you have no factual basis to support your claim in this Lawsuit that BONY's acts or omissions constitute a violation of the Texas Debt Collection Practices Act, TEX. FIN. CODE § 392.001 et seq.

Doc. 13-5 at 4.  Again, due to Plaintiff's failure to respond to the RFAs he is deemed to have admitted the averments set forth therein.  FED. R. CIV. P. 36(b).  As such, Plaintiff has admitted that he has no factual basis for his TDCPA claim against either Defendant.  Accordingly, Defendants are entitled to summary judgment on Plaintiff's TDCPA claim.

*3. Declaratory Judgment*

When a state petition seeking declaratory relief is removed to federal court, it is converted into an action brought under the federal Declaratory Judgment Act, 28 U.S.C. § 2201.  *Ahmed v. The Bank of New York Mellon*, No. 3:17-CV-2821-S-BK, 2018 WL 4084293, at *3 (N.D. Tex. Aug. 8, 2018) (citing *Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, at *5 n.11 (N.D. Tex. Aug. 16, 2011) (Fitzwater, J.)), *adopted by* 2018 WL 4078271 (N.D. Tex. Aug. 27, 2018) (Scholer, J.).  The Declaratory Judgment Act provides that a federal court may declare the rights and legal relations of any interested party.  *See* 28 U.S.C. § 2201(a).  However, the availability of a declaratory judgment depends upon the existence of an underlying judicially remediable right.  *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).  In other words, a declaratory judgment action is merely a vehicle that allows a party to obtain an "early adjudication of an actual controversy" arising under other substantive law.

*Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990).

In the instant case, because Defendants are entitled to summary judgment on Plaintiff's wrongful foreclosure and TDCPA claims, Plaintiff is not entitled to relief under the Declaratory Judgment Act. *See Rucker v. Bank of Am., N.A.*, No. 3:13-CV-1895-N, 2014 WL 11310156, at *8 (N.D. Tex. Dec. 18, 2014) (Godbey, J.) (entering summary judgment on plaintiff's request for a declaratory judgment after dismissing plaintiff's substantive claims). Consequently, Court should grant summary judgment in Defendants' favor on Plaintiff's claim seeking declaratory relief.

### E. Conclusion

For the foregoing reasons, it is recommended that Defendant's *Motion for Summary Judgment*, Doc. 13, be **GRANTED**.

**SO RECOMMENDED** on December 21, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).